**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MICHELE TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA DISABILITY<br>MANAGEMENT SERVICES,<br><br>　　　　Defendant. | Civil Action No. 2:26-cv-4337 |

## COMPLAINT

1. This is a civil action brought by Plaintiff Michele Turner against Defendant The Prudential Insurance Company of America Disability Management Services ("Prudential"),  under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., to recover long-term disability benefits wrongfully denied under an employee welfare benefit plan sponsored by Plaintiff's employer and insured and/or administered by Defendant. Plaintiff brings this action pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and reserves all rights under ERISA § 502(a) and § 502(g), 29 U.S.C. § 1132(a) and (g).

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, and under 29 U.S.C. § 1132(e)(1), which grants the district courts of the United States exclusive jurisdiction over civil actions brought under ERISA § 502(a)(1)(B).

3. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b). Defendant maintains an office and conducts business at 470 Norristown Road, Suite 301, Blue Bell, Pennsylvania 19422, and therefore may be found in this District within the meaning of 29 U.S.C. § 1132(e)(2).

4. Plaintiff Michele Turner is an adult individual residing at 7651 Woodpark Lane, Apartment 20, Columbia, Maryland 21046. At all relevant times during the coverage period, Plaintiff was employed by Gaudenzia, Inc. and was a participant in and beneficiary of the employee welfare benefit plan at issue.

5. Defendant Prudential is the entity that issued, insured, funded, administered, and/or made benefit determinations under the disability coverage at issue in this action. Defendant maintains an office at 470 Norristown Road, Suite 301, Blue Bell, Pennsylvania 19422.

6. At all relevant times, Plaintiff was employed by Gaudenzia, Inc., the sponsor of the employee welfare benefit plan at issue (the "Plan").

7. The Plan provides long-term disability benefits to eligible participants and is funded through a group insurance policy, Policy No. 51954, issued by Defendant.

8. Plaintiff's claim for benefits under the Plan was assigned Claim No. 12968706.

9. The Plan is an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), and is governed by ERISA.

10. At all relevant times, Plaintiff was a participant in and beneficiary of the Plan within the meaning of ERISA § 3(7) and (8), 29 U.S.C. § 1002(7) and (8), and was entitled to the benefits, rights, and protections afforded under the Plan and ERISA.

11. Plaintiff last worked on July 7, 2021.

12. Plaintiff became unable to perform the material duties of Plaintiff's occupation as a result of lumbar radiculopathy, right hip strain, and left knee meniscus tear.

13. Plaintiff's functional limitations prevented Plaintiff from performing the material duties of Plaintiff's occupation as required by the Plan.

14. Plaintiff submitted medical and claim information to Defendant supporting Plaintiff's entitlement to disability benefits under the Plan.

15. Plaintiff has satisfied all conditions precedent to the recovery of benefits under the Plan, or such conditions have been waived, excused, or otherwise discharged.

16. Plaintiff submitted a claim for disability benefits under the Plan.

17. By letter dated April 4, 2023, Defendant issued an initial adverse benefit determination denying Plaintiff's claim for benefits.

18. Plaintiff timely submitted an administrative appeal of Defendant's initial adverse benefit determination.

19. By letter dated November 14, 2023, Defendant issued a final adverse benefit determination upholding the denial of Plaintiff's claim for benefits.

20. Plaintiff has exhausted the administrative remedies available under the Plan in accordance with 29 C.F.R. § 2560.503-1.

**STANDARD OF REVIEW**

21. Plaintiff contends that Defendant's adverse benefit determination should be reviewed de novo. Plaintiff does not concede that the Plan contains a valid, enforceable, and applicable grant of discretionary authority sufficient to alter the default de novo standard of review applicable to claims brought under ERISA § 502(a)(1)(B).

22. To the extent Defendant contends that arbitrary-and-capricious or abuse-of-discretion review applies, Plaintiff denies that contention, preserves all arguments for de novo review, and alternatively alleges that Defendant's adverse benefit determination was arbitrary and capricious, an abuse of discretion, unsupported by substantial evidence, contrary to the terms of the Plan, and erroneous as a matter of law.

COUNT I — CLAIM FOR BENEFITS UNDER ERISA § 502(a)(1)(B)

23. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

24. At all relevant times, Plaintiff was disabled within the meaning of the Plan and was entitled to receive disability benefits under the terms of the Plan.

25. Defendant's denial of Plaintiff's claim for disability benefits was wrongful, contrary to the terms of the Plan, and in violation of ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

26. As a direct and proximate result of Defendant's wrongful denial of benefits, Plaintiff has been damaged in an amount equal to the past-due benefits to which Plaintiff is entitled under the Plan from the date of termination through the date of judgment, together with prejudgment interest, attorney's fees, and costs.

COUNT II — CLARIFICATION OF RIGHTS TO FUTURE BENEFITS UNDER ERISA § 502(a)(1)(B)

27. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

28. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), authorizes a participant or beneficiary to bring a civil action to clarify her rights to future benefits under the terms of the plan.

29. Plaintiff remains disabled within the meaning of the Plan and remains entitled to disability benefits under the Plan's continuing-disability provisions.

30. Plaintiff seeks a declaration of her rights to future disability benefits under the Plan and an order directing Defendant to reinstate and continue payment of disability benefits to Plaintiff for so long as Plaintiff remains disabled under the terms of the Plan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

a. Past-due benefits from the date of termination through the date of judgment;

b. Prejudgment interest on past-due benefits;

c. A declaration of Plaintiff's rights to future benefits under the Plan and an order requiring Defendant to reinstate and continue payment of disability benefits to Plaintiff for so long as Plaintiff remains disabled under the terms of the Plan;

d. Attorney's fees and costs under ERISA § 502(g), 29 U.S.C. § 1132(g); and

e. Such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL

Plaintiff respectfully requests a trial on the administrative record.

Respectfully submitted,

/s/Nicholas Feden
Nicholas Feden
Feden Law Group PLLC
Attorney ID: 307902
711 West Ave.
Jenkintown, PA 19046
Tel. 267-234-7465
nfeden@fedenlawgroup.com
Attorney for Plaintiff